J-S13005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :               PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| ROBERT SMITHSON | : |
| | : |
| Appellant | : No. 1767 EDA 2025 |

Appeal from the PCRA Order Entered May 29, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0716321-1984

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:　　　　　　　　**FILED JULY 1, 2026**

Robert Smithson appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Because we agree with the PCRA court that Smithson's petition was untimely and he failed to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's order dismissing the PCRA petition.

Due to our disposition, a detailed recitation of the underlying facts of Smithson's conviction is not relevant to this appeal. We briefly note that in 1985, a jury convicted Smithson of second-degree murder, robbery, criminal conspiracy and possessing an instrument of crime related to a fatal shooting that occurred in 1982. Smithson filed post-trial motions, which were denied. On November 12, 1985, the trial court sentenced Smithson to an aggregate

term of life without parole. On July 17, 1986, we affirmed Smithson's judgment of sentence.

On August 15, 2012, Smithson filed his first PCRA petition, claiming relief under ***Miller v. Alabama***, 567 U.S. 460 (2012), which established that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465. The court denied the petition, as Smithson was not a juvenile at the time of this offense.

On July 31, 2023, Smithson filed the instant second *pro* se PCRA petition, raising numerous claims, including after-discovered evidence and layered claims of ineffective assistance of counsel. PCRA counsel was appointed but did not file an amended petition. Instead, counsel filed a ***Turner***/***Finley*** no-merit letter,[1] along with a request to withdraw as counsel. Smithson thereafter filed multiple *pro se* amended PCRA petitions and requests for discovery. In response, counsel filed another ***Turner***/***Finley*** letter.

---

[1] Counsel petitioning to withdraw from PCRA representation must proceed under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). Counsel must review the record, submit a "no-merit" letter evaluating the issues the petitioner wishes to address and explaining their lack of merit, request permission to withdraw, and send the "no-merit" letter and petition to withdraw to their client along with an explanation of their right to proceed *pro se*. ***See Commonwealth v. Gibson***, 318 A.3d 927, FN1 (Pa. Super. 2024).

On April 15, 2025, the PCRA court issued notice of its intent to dismiss Smithson's PCRA petition pursuant to Pa.R.Crim.P. 907. On May 29, 2025, the court entered an order dismissing the PCRA petition and removing counsel. This timely appeal followed.

Prior to reaching the merits of Smithson's claims on appeal, we must first consider the timeliness of his PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

The instant petition, filed over three decades after Smithson's judgment of sentence became final, is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Smithson's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[E]xceptions to the time-bar must be pled in the … petition, and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (citations omitted); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citation omitted).

Even liberally construed, we cannot find Smithson has met his burden to plead and prove that any of his claims constitute a valid exception to the

PCRA time-bar. In his petition, Smithson claims he meets the requirements of Section 9545(b)(1)(ii), i.e., the newly discovered fact exception.

In his petition, Smithson asserted, as a newly discovered fact, that Detective Lubiejewski of the Philadelphia Police Department, "has been identified/accused/charged/convicted and/or 'disciplined' for alleged actions of MISCONDUCT/CORRUPTION, that has ensued throughout the corridors of time for decades." PCRA Petition, Attachment, at 12. In support of this newly-discovered fact, Smithson attached a list compiled in partnership with the Police Transparency Project, of Philadelphia detectives that have been "accused, charged, convicted, and/or 'disciplined' for alleged actions of misconduct." *See id.* at Exhibit A. The list attached to Smithson's petition appears to have been provided to him in August 2022 by the IIWE law firm, a Philadelphia-based law firm, after Smithson submitted forms to the Right To Be Free nonprofit organization to have his case reviewed. *See id.* Smithson asserted the facts upon which this claim is based were previously unknown to him and could not have been ascertained by the exercise of due diligence. *See id.* at Attachment, at 12.

Smithson went on to allege:

Detective Leon Lubiejewski, in concert with others, coerced the Commonwealth's witnesses, including, [albeit] not limited to, Commonwealth witness-Edward Cherry. The affidavit of probable cause lacked foundation, and a court has no jurisdiction over a party not properly indicted.

> Detective Leon Lubiejewski, in concert with others, exercised fraud via fashioning a jailhouse informant's statement, and premised the foundation for an arrest of [Smithson].
>
> …
>
> The motive of Edward Cherry, is clear, whereas he received favorable treatment of/from the Police/Commonwealth in exchange for his fraudulent statement/testimony. Detective Lubiejewski, in concert with others, coerced Mr. Edward Cherry, and (conveyed) evidence of the case to Mr. Cherry, in order to vouch for, and boost the credibility of the prosecution witness. But, for such acts and/or omission of/from Detective Leon Lubiejewski/Prosecution, the outcome of the proceedings would have been different. The tainted trial and subsequent conviction is unreliable.

PCRA Petition, Attachment, at 13-16 (citations omitted).

Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation and brackets omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted). Further, the "fact" on which the petitioner predicates his claim to an exception to the time-bar must bear

some logical connection to a plausible claim for relief. ***See Commonwealth v. Robinson***, 185 A.3d 1055, 1062 (Pa. Super. 2018) (*en banc*).

Here, Smithson's petition does not link the new fact, that Officer Lubiejewski's name was included on a list of detectives who have at a minimum *potentially* committed misconduct, to the circumstances of his case, beyond conclusory allegations without any support. The mere inclusion of Officer Lubiejewski's name on a list that includes a wide-range of conduct, including simply being "accused" of misconduct, is far from sufficient to establish that Officer Lubiejewski did anything specific in the instant case. Under these circumstances, Smithson's claims of police corruption do not qualify as an exception to the time-bar. Accordingly, because Smithson cannot satisfy the newly-discovered fact exception to the PCRA's jurisdictional time-bar, the PCRA court did not err in finding Smithson's petition untimely. We therefore affirm the PCRA court's order dismissing the PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/1/2026